**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jefferson State Bank,<br><br>    Plaintiffs,<br><br>v.<br><br>White Mountain Apache Tribe,<br><br>    Defendant. | CV 11-8100-PCT-PGR<br><br>**ORDER** |

Before the Court is Defendant White Mountain Apache Tribe's motion to dismiss the complaint for lack of subject matter jurisdiction. (Doc. 19.) Plaintiff Jefferson State Bank ("Jefferson") filed a response in opposition. (Doc. 21.) For the reasons set forth below, the motion is granted.

**I.   BACKGROUND**

From 2005 to 2007, Defendant entered into a series of municipal finance lease agreements with Lehigh Capital Access for the acquisition of vehicles and equipment. Lehigh then assigned a number of the lease agreements to Jefferson.

Each lease agreement included an addendum containing identical terms governing dispute resolution whereby either party would submit a claim against the other "for binding arbitration to a court of competent jurisdiction." (Doc. 19, Ex. 1.) The arbitration procedures in the addendum outlined a process for convening an arbitration hearing and issuing an award. There were no terms in the addendum, or in the lease agreement or other documents

governing the transaction, by which the parties agreed to an outside arbitration service or to be bound by any designated arbitration rules. Similarly, there were no terms by which the parties agreed to the jurisdiction of a designated court or agreed to any specific court enforcement powers.

On December 31, 2010, prior to filing its Complaint, Jefferson sent a Notice of Acceleration to Defendant claiming default under the Contract Documents. Although the parties began discussions to address the alleged default, on February 9, 2011, Jefferson submitted a demand that the dispute be submitted for arbitration. On May 4, 2011, Jefferson filed a petition for arbitration with the American Arbitration Association ("AAA"). Because the parties had not agreed to use its services, AAA asked Defendant to consent to a proceeding. On June 14, 2011, AAA gave notice to the parties that it closed the arbitration file because Defendant had not given its consent.

Jefferson filed a complaint on June 28, 2011, and an amended complaint on July 8, 2011, seeking injunctive relief and declaratory judgment. (Docs. 1, 10.) Specifically, Jefferson seeks an order compelling the Defendant to "comply with its contractual duties and obligations under the terms of the Municipal Leases . . . to arbitrate the issues between the parties before a three (3) member arbitration panel, which arbitrators have been selected in accordance with the express written terms of the Municipal Leases." (Doc. 21 at 3.)

## II. DISCUSSION

Defendant contends that Jefferson's Complaint presents only a common law contract dispute and thus fails to invoke federal court jurisdiction. Defendant asserts that the Complaint does not present a federal question pursuant to 28 U.S.C. §1331, and that there is no diversity jurisdiction pursuant to 28 U.S.C. §1332.[1] Therefore, according to Defendant,

---

[1] Defendant also contends that it has not waived tribal sovereign immunity, that Jefferson's claims are not ripe for adjudication, and that Jefferson is not entitled to relief under the Declaratory Judgment Act or the standards for a permanent injunction. Because the Court has determined that subject matter jurisdiction is absent, it will not consider these

- 2 -

the matter must be dismissed pursuant to Rules 12(b)(1) and 12(h)(3) of Federal Rules of Civil Procedure.

**A.     Federal Question Jurisdiction under 28 U.S.C. §1331**

Rule 12(b)(1) provides that a court may dismiss a claim for "lack of jurisdiction over the subject matter." Fed.R.Civ.P. 12(b)(1). As the party invoking the court's jurisdiction, "the plaintiff bears the burden of proof on the necessary jurisdictional facts." *Unite Here Intern. Union v. Pala Band of Mission Indians*, 583 F.Supp.2d 1190, 1194 (S.D. Cal. 2008) (citing *McCauley v. Ford Motor Co.*, 264 F.3d 952, 957 (9th Cir. 2001)).

Federal courts have original jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. For a case to "arise under" federal law, a plaintiff's well-pleaded complaint must establish either that federal law creates the cause of action or the plaintiff's asserted right to relief depends on the resolution of a substantial question of federal law. *Peabody Coal Co. v. Navajo Nation*, 373 F.3d 945, 949 (9th Cir. 2004) (citing *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 27–28 (1983)). "Federal jurisdiction cannot hinge upon defenses or counterclaims, whether actual or anticipated." *K2 America Corp. v. Roland Oil & Gas, LLC*, 653 F.3d 1024, 1029 (9th Cir. 2011) (citing *Vaden v. Discover Bank*, 556 U.S. 49, 129 S. Ct. 1262, 1272 (2009)). Finally, "[t]he fact that the defendant is a Native sovereign is not, by itself, sufficient to raise a federal question." *Peabody Coal*, 373 F.3d at 949; *see also Stock West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989) (stating that "federal question jurisdiction does not exist merely because an Indian tribe is a party or the case involves a contract with an Indian tribe.")

Applying these principles, it is clear that Jefferson, in seeking enforcement of the arbitration provisions in the municipal leases, "is not bringing a cause of action created by federal law," nor has it "establish[ed] that its right to relief necessarily depends on resolution

---

arguments.

- 3 -

of federal law." *Peabody Coal*, 373 F.3d at 951 (interior quotation omitted). As the Ninth Circuit has explained, a simple contractual dispute is a common law matter which does not invoke federal court jurisdiction.

> In cases where a Native sovereign has not tried to assert authority over a non-Native party, and where the validity of a federally-regulated contract is not at issue, courts have not found a substantial federal question to be present. . . . Peabody's claim for enforcement of an arbitration award sounds in general contract law and does not require the resolution of a substantial question of federal law.

*Id.* (citations omitted). Relying on *Peabody Coal*, the district courts in *Harris v. Sycuan Band of Diegueno Indians*, 2009 WL 5184077, at *4 (S.D. Cal. 2009), and *Unite Here*, 583 F.Supp.2d at 1197, dismissed suits to enforce arbitration provisions against a tribal party because the issue raises no substantial federal question. *See Wisconsin v. Ho-Chunk Nation*, 463 F.3d 655, 660–61 (7th Cir. 2006) (finding no federal question jurisdiction based on plaintiff's request to compel arbitration), *abrogated on other grounds in Vaden v. Discover Bank*, 129 S. Ct. at 1272.

As an alternative basis for federal jurisdiction, Jefferson suggests that Defendant may "attempt to extend tribal jurisdiction over Jefferson." (Doc. 10, ¶ 21.) Therefore, Jefferson argues, federal jurisdiction may exist based on questions concerning the jurisdiction of a tribal court over a non-tribal defendant. In support of this argument, Jefferson cites *Plains Commerce Bank v. Long Family Land & Cattle Co., Inc.*, 554 U.S. 316, 324 (2008), in which the Court held that "[t]he question of whether a tribal court has adjudicative authority over nonmembers is a federal question").[2] Here, however, as Defendant notes, "nothing in the Complaint or exhibits indicate any intent by the Tribe to raise tribal court jurisdiction against Jefferson." (Doc. 19 at 6.) Therefore, because Defendant has not asserted tribal court jurisdiction over Jefferson, the case is governed by the holding in *Peabody Coal*.

In *Peabody Coal*, the Ninth Circuit Court of Appeals held there was no federal

---

[2] Jefferson concedes that the Federal Arbitration Act, 9 U.S.C. §1 *et seq.*, does not confer subject matter jurisdiction. (Doc. 21 at 6.)

question in the plaintiff's suit to enforce arbitration against the Navajo Nation. 373 F.3d at 949. The court rejected the argument that federal laws governing the coal company's mineral leases with the Navajo Nation were at issue in the contract dispute. Instead, the court explained, "Federal approval of the underlying leases or amendments has no material bearing on whether this award requires confirmation or enforcement. Therefore, [plaintiff's] complaint does not present a federal question." *Id.* at 951–52.

The court also rejected the coal company's argument that a question about tribal court jurisdiction raised during a district court hearing was sufficient to create federal question jurisdiction. *Id.* at 952. That issue was prompted by a statement from the Navajo Nation attorney to the effect that the tribal court, rather than the federal court, would be the proper forum for resolution of the dispute. *Id.* The court explained that this was not sufficient to raise a federal question:

> Whether a tribal court may assert jurisdiction over non-Natives is certainly a question of federal law, but the Navajo Nation has not hailed Peabody before its tribal courts. Because Peabody's complaint makes no reference to any existing dispute about asserted tribal court jurisdiction or authority, no federal question is present.

*Id.* (citations and internal quotations omitted). Similarly, Defendant has not hailed Jefferson before its tribal courts, and Jefferson's complaint does not allege an existing dispute about asserted tribal court jurisdiction.

Further supporting this conclusion is the principle, reiterated in by the Supreme Court in *Vaden v. Discover Bank*, that federal question jurisdiction cannot be premised on the complainant's anticipation of a potential defense or counterclaim. 129 S. Ct. at 1272. Similarly, Jefferson's concern about Defendant's possible assertion of tribal jurisdiction Jefferson is not sufficient to establish federal question jurisdiction. *See Harris*, 2009 WL 5184077, at *6.

In sum, because Jefferson's claims for relief do not depend on the resolution of a substantial question of federal law, and because Defendant has not asserted tribal jurisdiction

- 5 -

over Jefferson, federal question jurisdiction under 28 U.S.C. §1331 is absent.

**B.     Diversity Jurisdiction under 28 U.S.C. §1332**

Jefferson also asserts that diversity jurisdiction "may arise . . . to the extent that [Defendant] is considered a citizen of the State of Arizona." (Docs. 10, 21, ¶ 7.) In support of this assertion Jefferson appears to suggest that Defendant is a corporation and therefore a citizen of Arizona. Jefferson's arguments are unsupported factually and legally.

First, "available authority holds that Indian tribes are not citizens of any state for diversity purposes." *Gaines v. Ski Apache*, 8 F.3d 726, 729 (10th Cir. 1993); *see Ninigret Development Corp. v. Narragansett Indian Wetuomuck Housing Authority*, 207 F.3d 21, 27 (1st Cir. 2000) (explaining that "a tribe is analogous to a stateless person for jurisdictional purposes" so "the presence of an Indian tribe destroys complete diversity"). In addition, there is no evidence, nor has Jefferson alleged, that Defendant has formed a corporation. Jefferson has not established diversity jurisdiction.

**III.    CONCLUSION**

Jefferson has not shown that its claims against Defendant are subject to federal question or diversity jurisdiction. Therefore, the case must be dismissed for lack of subject matter jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (Doc. 19) is **GRANTED**. Jefferson's complaint is dismissed with prejudice.

**IT IS FURTHER ORDERED** that the Clerk of Court shall terminate this action.

DATED this 21st day of November, 2011.

Paul G. Rosenblatt
United States District Judge

- 6 -